HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR09-5467RBL |
| Plaintiff, | |
| v. | ORDER |
| BARBARA COWELL, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled Court upon Defendant's Emergency Motion for Review of Detention Order [Dkt. #47]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

The defendant seeks review under 18 U.S.C. §3145(b) of Magistrate Judge J. Richard Creatura's Order revoking defendant's bond and remanding her to custody. This Court reviews *de novo* the Magistrate Judge's decision to detain the defendant. *United States v. Koenig*, 912 F.2d 1190, 1191-93 (9th Cir. 1990).

The defendant was charged by Complaint with International Parental Kidnaping in violation of 18 U.S.C. §1204(a). She was arrested in San Francisco, CA after law enforcement observed her attempting to acquire Visas for her and her minor son to travel to India. She was ordered by the United States District Court for the Northern District of California to be transferred by the U.S. Marshal to this District. An

Indictment was returned charging the Defendant with Attempted International Kidnaping in violation of 18 U.S.C. §1204(a). At her detention hearing in this District on July 24, 2009, the Defendant was released on her own recognizance with a special condition that she reside in a halfway house.

On September 4, 2009, the Defendant entered a guilty plea to a Misdemeanor Information charging her with Fraud in Connection with Identification Documents in violation of 18 U.S.C. §1028(a)(4), (b)(6). Her conditions of release were modified, but the special condition that she remain in the halfway house remained unchanged.

On September 29, 2009 the Defendant moved to modify her conditions of release to replace the special condition that she reside in the halfway house with the special condition that she reside in a pre-approved residence in Lakewood, WA with GPS monitoring. On October 1, 2009 the Court signed an Order granting the motion and modifying the Defendant's conditions of release.

On October 2, 2009 while reviewing the monitoring rules with the Defendant, Pretrial Services was contacted by the halfway house and notified that the Defendant had violated the rules of the halfway house. Specifically, Pretrial Services was informed that during a search of Defendant's room the previous evening, staff discovered traveler's checks in the Defendant's name together with checks made out to the Defendant from Pierce College. The checks, totaling $5,368.28, were found hidden behind a pipe in Defendant's room. Halfway house regulations prohibit residents from having more than $100.00 in cash or negotiable instruments in their rooms.

This Court signed an arrest warrant on October 2, 2009 based on a violation report from Pretrial Services. Later that same day the Defendant made an initial appearance before Magistrate Judge Karen L. Strombom and denied the alleged violation of halfway house rules. Judge Strombom set a bond revocation hearing for October 7, 2009 and ordered the Defendant returned to the halfway house. The bond revocation hearing was continued to October 13, 2009 and was set before Magistrate Judge J. Richard Creatura.

At the October 13 hearing the Defendant admitted the violation. According to Defendant's Motion for Review, she argued in mitigation that the Pierce College checks were student loan checks

issued to her in August and September that she had yet to cash. She explained that the travelers' checks represented the funds from her bank account and indicated that she closed her account because of some unauthorized withdrawals from the account and to avoid creditors.

The government argued that the negotiable instruments were evidence that the Defendant was intending to flee the jurisdiction.

The Defendant bears the burden to show by clear and convincing evidence that she will not flee if released pending sentencing. Fed. R. Crim. P. 46(c); 18 U.S.C. §3143(a). Based upon the nature of the circumstances underlying the crime to which the Defendant ultimately pled guilty, amassing and secreting over $5,000 clearly indicates that the Defendant was a flight risk. The Defendant's explanation on why she had the checks (in violation of halfway house rules) does not meet her burden to show that she is not a flight risk.

The Detention Order [Dkt. #46] shall remain in effect pending Defendant's sentencing.

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE